UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD LURI, | ) | |
| | ) | Case No. 1:09-CV-1664 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA, et al., | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |
| | ) | |

Before the court are five motions: (1) Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") motion to dismiss [dkt. 13]; (2) National Union's motion to sever [dkt. 14]; (3) Defendants Republic Services, Inc., Republic Services of Ohio Hauling, LLC, Republic Services of Ohio I, LLC, and Jim Bowen's (collectively "Republic Services") motion to dismiss [dkt. 16]; (4) Plaintiff Ronald Luri's ("Luri") motion to file a second amended supplemental petition and complaint [dkt. 17]; and Luri's motion to remand [dkt. 19].

For the following reasons, the court grants Luri's motion to remand and denies, as moot, the remaining motions.

I.      BACKGROUND

Luri properly noted that "[t]his matter has become a quagmire which only a Civil Procedrue professor could enjoy." [Dkt. 24]. This case is directly related to an underlying, and still not fully resolved, state court case. In August 2007, Luri filed his case against Republic for age discrimination and retaliation in violation of Ohio law. In July 2008, the jury returned a verdict for Luri for over $46 million; Republic appealed and final judgment was stayed. Following the verdict,

disputes arose between and among Luri, Republic, and Republic's insurer National Union.  This case involves those disputes.

Specifically, Luri seeks payment from National Union, up to the policy limits, in partial satisfaction of the judgment.  Luri's amended complaint adds Republic for their failure to notify Luri that they were insured by National Union and failure to notify National Union itself of the underlying litigation.  Notification to National Union is material because it may effect its liability to pay Republic's policy limits.

During discovery of the action against Republic, Luri requested that Republic produce any insurance policies it might have, to which Republic responded that they had no policies.  Luri sought to clarify this response via an email message and an agent of Republic responded that Republic was self insured.  After judgment, Luri learned that Republic did have insurance coverage with National Union and American Home Assurance ("American Home"), both subsidiaries of American International Group ("AIG").

This case was filed in state court on June 22, 2009.  Subsequently, this action was removed to this court.

## II.    LAW AND ANALYSIS

This court must first consider Luri's motion to remand.  "A motion questioning subject matter jurisdiction must be considered before other challenges."  *Martin v. Voinavich*, 840 F.Supp. 1175, 1185 (S.D. Ohio 1993).

### A.    Removal

In deciding a motion to remand, this court must first determine if the action was properly removed to federal court.  The removal statues are to be narrowly construed.  *See, e.g., Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005).  An expansive reading of the removal statues would not only undermine the intent of Congress, but would also undermine important constitutional considerations in the allocation of authority between state and federal courts.  *Id*.  Therefore, any doubts as to the propriety of removal are resolved in favor of remand.  *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754 (6th Cir. 2000).

In order to invoke this court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The burden of showing that the district court has original jurisdiction is on the party seeking removal.  *Long*, 201 F.3d, at 757.

Here, the defendants removed the case to this court pursuant to 28 U.S.C. 1441 [dkt. 6], which provides, in part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  The defendants argue that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Dkt. 6]

However, this court must look closely at the statute governing removal to determine whether it has jurisdiction.  Title 28 U.S.C., section 1446(d) governs the procedure for removing a case to federal court, and provides as follows:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Here, Luri filed his initial complaint in the Court of Common Pleas for Cuyahoga County,

-3-

Ohio ("the state court") on June 22, 2009, against National Union (Case No. Cv-09-696383).  Luri is a resident of the state of Ohio and National Union is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and having its principle place of business in the state of New York [dkt. 6].  On July 20, 2009 the following undisputed filings and notices were made:

    1. At 11:59 a.m., National Union filed a notice of removal with this court;

    2. At 1:35 p.m., Luri filed an amended complaint in the state court adding Republic as defendants, most of whom are Ohio corporations or residents, for fraud, thus destroying diversity of citizenship as required under 28 U.S.C. § 1332; and

    3. At 3:39 p.m. National Union filed its notice of filing notice of removal in the state court.  Then, on July 21, 2009, Luri filed an amended complaint in this court substantially similar to the one filed in the state court [dkt. 4].  On July 22, 2009, National Union filed an amended notice of removal with this court [dkt. 6].

    The plain language of 28 U.S.C. § 1446(d) requires three procedural steps for removal to be effected: (1) file of notice of removal in the federal court; (2) give written notice of the removal to all adverse parties; and (3) file a copy of the removal notice in state court.  Thus, removal is not complete or effected until all three steps are taken.  As noted by Republic [dkt. 29, at 3], courts have disagreed over when, exactly, federal courts gain jurisdiction, and state courts loose jurisdiction.  However, "it seems unfair to hold that a state court can be stripped of its jurisdiction even though it has not received notice of removal."  Wright & Miller, § 3736.  "It is unseemly to have state courts passing on matters, only to learn later that they had no jurisdiction." *Id*. (internal quotation and citations omitted).  Republic cites *Schliewe v. Toro*, 138 Fed. App'x 715, 720 (6th Cir. 2005), to argue that the federal and state courts have concurrent jurisdiction during the time between when

notice of removal is filed in federal court and a copy is filed in the state court.  Yet, that case is not at all clear on this issue either.  There, the court held that:

> It is the notice to the district court that an action has been removed which terminates the state court's jurisdiction over the case, so when a defendant fails to notify the state court promptly of the removal he creates concurrent jurisdiction over the case in both the state and federal court.

This statement is illogical, suggesting in one breath that the district court filing terminated the state court's jurisdiction while stating in another breath that the state court had concurrent jurisdiction until it received notice of the removal.  Fortunately, this court need not resolve the issue of whether concurrent jurisdiction existed or if the removal was not effectuated - as the language of § 1446(d) suggests - until a copy of the notice was filed in state court.  The outcome, here, is the same.

Ohio Rule of Civil Procedure 15(A) provides, in part, that:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served.

Therefore, while the state court had jurisdiction - concurrent or otherwise - Luri could file, as a matter of course, his amended pleading adding the non-diverse Republic defendants.  The removal is effectuated once the state court is divested of jurisdiction by the filing of the copy of the notice of removal.  Accordingly, when Luri filed his amended pleading at 1:35 p.m., he destroyed diversity among the parties.  This court, lacking diversity jurisdiction, must remand the case to the state court.

## B.    Fraudulent Joinder & Realignment

Even if a non-diverse party was properly joined, a district court will ignore the non-diverse party if it was fraudulently joined.  A party is fraudulently joined if the plaintiff has no colorable

-5-

claim against that party.  The party claiming fraudulent joinder has the heavy burden of showing that the plaintiff does not have a colorable claim against the non-diverse party.  Fraudulent joinder is a narrowly constructed exception to the requirement of complete diversity.  Accordingly, the district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party.  *Boladian v. UMG Recordings, Inc.*, 123 Fed.Appx. 165, 168 (6th Cir. 2005).  All doubts as to the propriety of removal are resolved in favor of remand.  *Id.*

The question for this court is not whether Luri will prevail at trial on his claims against Republic, or whether the court believes that Republic was joined to defeat diversity.  The question is whether Luri has a colorable claim against Republic.

Here, this court cannot say that as a matter of state law, Luri has no colorable claim against Republic.  Such a question is better left to the state court.  Similarly, this court declines National Union's invitation to realign the parties to defeat jurisdiction as the numerous and various interests of the parties are not yet fully known in this complex litigation.

## III.    CONCLUSION

For the above reasons, Luri's motion to remand [dkt. 19] is granted and the remaining motions are denied as moot.


                                                     /s/*Ann Aldrich*
                                                 ANN ALDRICH
                                                 UNITED STATES DISTRICT JUDGE

                                                 **Dated:** March 24, 2010

-6-